528 P.2d 168

Brian W. POOL and Ana L. Pool, husband and wife, Appellants,

v.

Ronald E. PEIL and Marlene H. Peil, husband and wife, Appellees.

No. 1 CA–CIV 2221.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 19, 1974.

Rehearing Denied Dec. 18, 1974.

Review Denied Jan. 28, 1975.

**418**

Johansson & Sanders, Ltd., by Filipe K. Johansson, Phoenix, for appellants.

McGillicuddy & Rich, by Joseph T. Rich, Jr., Phoenix, for appellees.

## OPINION

FROEB, Judge.

We are called upon to determine whether the judgment in this case should be vacated and set aside by reason of the failure of the trial court to admit certain testimony into evidence. The case was tried to the court sitting without a jury. Findings of fact and conclusions of law were not requested and none were separately made. There was neither a motion for new trial nor a request that the court take additional testimony pursuant to Rule 59(b), Rules of Civil Procedure. The judgment was entered on August 30, 1972, without objection as to form and this appeal followed.

The only issue presented to the trial court by the pleadings was whether a home owned by the Brian Pools (appellants) had been acquired under a purchase money resulting trust for the benefit of the Ronald Peils (appellees).

The complaint filed by the Peils alleged in substance that the title to the residence involved was conveyed to the Pools at the time of its purchase in 1970, but that the downpayment of four thousand dollars, making the acquisition possible, was furnished by the Peils. They also alleged that all sums thereafter paid to the seller under the agreement of purchase were also paid by them. As a consequence, they contended, a fiduciary relationship had arisen between the parties and the residence belonged to them as beneficiaries of the resulting trust. The Peils prayed for a judgment of the court establishing the resulting trust and vesting title to the real property in them.

The Pools filed their answer denying both the trust and the fiduciary relationship, contending that the money paid by the Peils toward the property was attributable to rent and other monies owed to them by the Peils. They prayed for judgment dismissing the complaint.

On this issue, the case proceeded to trial. The evidence consisted entirely of the testimony of both the Pools and the Peils, together with various documents. The bulk of the testimony related to the nature and extent of monies owed by the Peils to the Pools for wages earned as a result of work performed and loan arrangements between the parties. During the course of the trial the Pools conceded that a trust had been established. They then sought to prove that due to a later oral agreement between the parties it had been terminated. This testimony was objected to by the Peils. The objection was sustained by the court.

Nevertheless, portions of this testimony came into the record, since they were introduced before the objections were made and were not thereafter stricken by the court.

Following the trial, the court determined that the residence had been acquired and continuously held by the Pools in trust and ordered that title to the residence be conveyed to the Peils.

The Pools now contend that the judgment should be set aside because they were not permitted by the court to introduce testimony to the effect that the claimed trust had been terminated and abandoned by reason of the subsequent oral agreement between the parties.

The testimony in contention was excluded by the trial court on two occasions, following objections by counsel for the Peils that such oral evidence would violate the Statute of Frauds. Both appellants and appellees now concede in this appeal that there is no rule of law in Arizona which would require the termination of a resulting trust to be evidenced by a writing. The ground, then, given as the basis for the trial objection was erroneous. The issue in this appeal thus becomes whether the evidence would have been objectionable on any other ground. If it would have been, there is no error in its exclusion and the judgment of the trial court should stand.

We find that testimony as to the termination of the trust would properly have been excluded by the trial court on the ground that it was immaterial, since the only issue under the pleadings was whether a trust had been established by the dealings of the parties, not whether it had been formed and then terminated.

The testimony relating to termination of the trust appears to have arisen as a surprise to court and counsel. Since it constitutes a matter of "avoidance" it would have been necessary for the Pools to set it forth affirmatively in the answer as a defense to the Peils' complaint. Rule 8(d), Rules of Civil Procedure. Since it was neither alleged in the answer nor the subject of a motion to amend during or following the trial, it was not an issue on which the trial court was bound to take evidence and thus not one which is susceptible to consideration on appeal. This court will not review for the first time an issue that was not before the trial court. Van Waters & Rogers, Inc. v. Interchange Resources, Inc., 14 Ariz.App. 414, 484 P.2d 26 (1971); Thermo-Kinetic Corp. v. Allen, 16 Ariz. App. 341, 493 P.2d 508 (1972); O'Donnell v. First National Bank of Arizona, 93 Ariz. 17, 378 P.2d 244 (1963).

Thus, we find no error in the exclusion of this evidence. In their brief, the Peils urge us to affirm the judgment on the basis that even though objections to the offending testimony were sustained, much of the evidence came into the record anyway and was not thereafter stricken by the court. They contend that in reaching its decision the trial court considered the issue of termination of the trust and found in their favor that it was not so terminated. Since there are no findings of fact or conclusions of law, we are unable to determine the factual and legal rationale underlying the judgment of the trial court. There is some basis in the record which would support the view urged by the Peils. It is strengthened by the fact that no offer of proof was made by the Pools of any further evidence on the subject of termination of the trust. We need not, however, consider this theory in affirming the judgment. We need only determine if there is reasonable evidence in the record to support the judgment entered by the court under the pleadings. We find this test has been met. The excluded evidence was not material to the sole issue before the court.

Affirmed.

WREN, P. J., and NELSON, J., concur.