546 P.2d 343

John E. JENNINGS and Joan Jennings, husband and wife, for and on account of themselves and all others similarly situated, Appellants,

v.

ROBERTS SCOTT & CO., INC., a corporation, Appellee.

No. 12003.

Supreme Court of Arizona, In Banc.

Feb. 6, 1976.

Peter A. Neisser, Phoenix, for appellants.

Johnson, Tucker, Jessen & Dake, Robert T. Murphy, Phoenix, for appellee.

HOLOHAN, Justice.

John E. and Joan Jennings filed a class action on behalf of all residents similarly

situated in Maricopa County against Roberts, Scott & Co., Inc., a California corporation authorized to do and doing business in Arizona. The complaint alleged that on or about February 4, 1972, Roberts, Scott & Co., Inc. sold all of plaintiffs' securities on hand in a general investment account and purchased other securities on a margin account. It was further alleged that the latter securities were sold approximately two months subsequent and a loss of nearly $2,000.00 was incurred by the named plaintiffs and similar losses were sustained by all other class members. As a result of the subject transactions, plaintiffs claimed that various provisions of the Securities Exchange Act of 1934, the Securities Act of 1933, and the Arizona Securities Act were violated.

On October 25, 1972, defendant filed a Motion to Dismiss Complaint for Lack of Jurisdiction on the grounds that causes of action created by or arising out of violations of the Securities Exchange Act of 1934 are exclusively vested in the federal courts. Subsequent to argument on this motion and the court's taking the motion under advisement, it was ordered on March 6, 1973, that defendant's Motion to Dismiss be granted. On April 16, 1973, plaintiffs filed a Notice and Motion for Rehearing of Order dated March 6, 1973. This motion was considered by the court as a Motion to Vacate Prior Order, and was denied by the court on April 23, 1973. Plaintiffs filed a timely appeal from the order entered.

The issue before us is one of jurisdiction. Essentially, we are confronted with the question of whether a claim for relief based upon alleged fraudulent conduct in the sales of securities must be dismissed when the complaint alleges, *inter alia,* violation of various provisions of the Securities Exchange Act of 1934 (1934 Act). We are of the opinion that the inclusion of such elements in the complaint is not fatal to all other well-pleaded and jurisdictionally sufficient allegations.

Two provisions of the 1934 Act are at the heart of the problem. Section 27, the basic jurisdiction provision of the 1934 Act, provides federal district courts with exclusive jurisdiction over violations of the Act and the rules and regulations promulgated thereunder. 15 U.S.C. § 78aa (1970).[1] Section 28(a), however, makes it clear that despite its assertion of exclusive jurisdiction, Congress did not intend to preempt concurrent state regulation of securities fraud, providing the jurisdiction of the state securities commission does not conflict with the 1934 Act. 15 U.S.C. § 78bb(a) (1970).[2] Both state blue sky laws and traditional common law sanctions were impliedly preserved. Thus, Congress established *concurrent* jurisdiction for the regulation of securities transactions, while it vested *exclusive* jurisdiction in the federal courts for the enforcement of the 1934 Act.

■ The principal case relied upon by the defendant-appellee in his Motion to Dismiss was *Beury v. Beury*, 127 F.Supp.

---

1. Section 27, 15 U.S.C. § 78aa (1970), provides in part:
   "The district courts of the United States . . . shall have exclusive jurisdiction of violations of this [Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this [Act] or the rules and regulations thereunder. . . ."

2. Section 28(a), 15 U.S.C. § 78bb(a) (1970), provides as follows:
   "The rights and remedies provided by this [Act] shall be in addition to any and all other rights and remedies that may exist at law or in equity; but no person permitted to maintain a suit for damages under the provisions of this [Act] shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of. Nothing in this [Act] shall affect the jurisdiction of the securities commission (or any agency or officer performing like functions) of any State over any security or any person insofar as it does not conflict with the provisions of this [Act] or the rules and regulations thereunder."

786 (S.D.W.V.1954). In that case it was concluded that section 10 of the 1934 Act conferred jurisdiction upon federal courts to entertain only those actions which involved a right of recovery which goes beyond common law rights. 127 F.Supp. at 790. The District Court also noted that Congress did not intend to withdraw from the jurisdiction of the state courts all actions of fraud involving the sales of securities, but that the "jurisdiction as is given by the Act is an exclusive jurisdiction." 127 F.Supp. at 789. The holding of . this opinion in no way precludes the state governments from fashioning remedies governing the sales of securities which are similar or additional to the federal law. *Diamond v. Oreamuno*, 24 N.Y.2d 494, 301 N.Y.S.2d 78, 248 N.E.2d 910 (1969).

▮ In contrast to the expressed language of the 1934 Act vesting exclusive jurisdiction in the federal courts, section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a) (1970), provides for the federal jurisdiction "concurrent with State and Territorial courts [for] all suits in equity and actions at law brought to enforce any liability or duty created by [the Act]." It is apparent from the reading of this section that the judicial remedy for violation of the Securities Act of 1933 is not exclusively confined to the federal courts, and a claim may be asserted in a state court based upon an alleged violation of the 1933 Act. *Moran v. Paine*, 279 F.Supp. 573, 579 (W.D.Pa.1967), *aff'd*, 389 F.2d 242 (3d Cir. 1968); *Jennings v. Boenning & Company*, 482 F.2d 1128 (3d Cir.), *cert. denied*, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973); *First National City Bank New York v. Smith*, 531 P.2d 321 (Okla.1975).

▮ Defendant-appellee has asserted in his answering brief that the complaint fails to state a claim for which relief may be granted under the Securities Act of 1933 or relevant Arizona statutes. We decline to make any ruling on this subject since the issue was not raised in the pleadings or arguments before the trial court. *Defnet Land & Investment Co. v. State ex rel. Herman*, 103 Ariz. 388, 442 P.2d 835 (1968); *Pool v. Peil*, 22 Ariz.App. 417, 528 P.2d 168 (1974). We merely hold that the trial court erred in granting the Motion to Dismiss. The trial court has jurisdiction when the claim seeks relief for a breach of duty by defendant-appellee or any other fraudulent conduct on its behalf which is cognizable under the law of this State or the Securities Act of 1933. The Rules of Civil Procedure provide adequate means short of dismissal by which the allegation of violations of the 1934 Act may be stricken, *e. g.*, Rule 12(g), Rules of Civil Procedure, 16 A.R.S. The Order of Dismissal is reversed, and the cause is remanded to the superior court for further proceedings consistent with this opinion.

· Reversed and remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.