ALTAIR CORPORATION *et al.*, Plaintiffs-Appellants, *v.* CHARLES E. HARRIS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 81—2935

Opinion filed December 2, 1982.

Donald L. Bertelle, of Collins & Amos, of Chicago, for appellants.

Francis X. Grossi, Jr., Lee Ann Watson, and Steven M. Rasher, all of Katten, Muchin, Zavis, Pearl & Galler, of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs' complaint was dismissed by the trial court on the grounds that the Federal court had exclusive jurisdiction over this cause of action. The defendants contend that this is an action under the Securities Exchange Act of 1934 (15 U.S.C.A. sec. 78aa (1981)), which preempts State court action. The plaintiffs claim that this is an action for common law fraud cognizable in a State court.

The plaintiffs are Altair Corporation and Chatham Corporation. Chatham owns more than 50% of Altair. The defendants are Acquisitions-Mergers, Inc. (A-M), and its president, Charles E. Harris. On January 28, 1976, Altair entered into a written contract with A-M and with its president. Under the terms of this contract, A-M was to actively seek business acquisitions or mergers for Altair, and in return Altair paid A-M $1250 monthly until July 1979, when the agreement was terminated.

The details of the complaint at issue here are rather intricate involving certain relationships, including family relationships, between the shareholders of the various corporations. In legal essence however, the complaint alleges that Harris and another stockholder of A-M owned more than 10% of the stock of the plaintiffs. The plaintiffs claim that they did not know that the shareholders of A-M owned more than 10% of their stock because this stock was held in a street name.

The basic controversy between the parties centers around the allegation in the complaint that the plaintiffs are required to report all dealings between themselves and any entity which is controlled by persons who own 10% of their stock to the Securities Exchange Commission (SEC) pursuant to the Securities Exchange Act of 1934. The complaint alleges that the defendants knew of the plaintiffs' reporting requirements but kept silent as to their 10% ownership even though the defendants also knew that it was the custom of numerous persons who are shareholders in public corporations to bring suit to seek money for any inaccuracy in any SEC report. The complaint also alleges that the defendants had a duty of fair dealing and should have

disclosed their ownership before entering into the contract with the plaintiffs. The plaintiffs claim they were damaged because their report to the SEC was inaccurate and when these matters were revealed to their shareholders, the plaintiff corporations became subject to very expensive litigation. The plaintiffs seek as damages the amount of money paid to A-M during the course of the contract and an additional $100,000.

Two sections of the Securities Exchange Act of 1934 relating to jurisdiction are in issue here. Section 27 (15 U.S.C.A. sec. 78aa (1981)) provides in pertinent part:

> "The district courts of the United States *** shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder."

Section 28(a) (15 U.S.C.A. sec. 78bb(a) (1981)) provides:

> "The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or equity; ***."

The defendants' position is that a legally cognizable cause of action must consist of a right of the plaintiff, a duty of the defendant and a wrong by the defendant which invades the plaintiff's right and breaches the defendant's duty. The defendants contend that the plaintiffs err in characterizing the complaint as an action for common law fraud because there is in fact no common law right nor a common law duty that was breached by the defendants. The defendants assert that their alleged duty and the plaintiffs' concomitant right, if any, arise only from the Federal securities statutes and thus the circuit court does not have subject matter jurisdiction.

The issue here must be considered in some perspective. This cause is before the court on a motion to dismiss because of the lack of subject matter jurisdiction. There was no motion to dismiss the complaint for failure to state a cause of action. Consequently, we accept the complaint as a well-pleaded complaint.

An analysis of the complaint reveals that it does not allege that Harris and A-M violated a duty imposed on them by the Federal securities laws. The complaint alleges that the defendants had knowledge that Federal securities laws required certain reports and also knew that the shareholder relationships between the plaintiffs and the defendants should have been disclosed in those reports. The essential duty which was breached arises from a common law duty of fair dealing between contracting parties. The plaintiffs cite *Lockbridge v. Fos-*

*ter* (1843), 5 Ill. (4 Scam.) 569, and *Stanfa v. Buffo* (1935), 280 Ill. App. 261, for the proposition that the parties to a contract have a duty to deal fairly with each other. Fair dealing, it is asserted, required that the defendants disclose their ownership of the plaintiffs' stock so that the plaintiffs could disclose this ownership in their report to the SEC and avoid expensive shareholder litigation.

We believe that the face of the complaint clearly shows that the plaintiffs are asserting the duty of fair dealing of contracting parties as a basis for their cause of action. Such a duty, if any, arises under common law rather than under Federal statutory law.

We do not believe as the defendants contend that the language of exclusive Federal jurisdiction set out in section 27 of the Securities Exchange Act of 1934 was meant to bar a common law action for fraud. It is expressly stated in section 28(a) of the same Act that the rights and remedies provided for in the Act are in addition to all other rights and remedies that may exist at law or in equity. In construing the purpose of these sections, courts have held that it was not the intent of Congress to preempt common law rights which might have been fully adjudicated and enforced in a State court before the Act was passed. The Act confers exclusive jurisdiction on Federal courts to entertain only those actions which involve some right of recovery which goes beyond such common law rights. (*McCollum v. Billings* (1967), 53 Misc. 2d 661, 279 N.Y.S.2d 609; see *Beury v. Beury* (S.D. W. Vir. 1954), 127 F. Supp. 786; *Ellis v. Carter* (9th Cir. 1961), 291 F.2d 270.) Also in gauging the extent to which Congress has intended to preempt a field, courts have looked to the comprehensiveness of the Federal legislation. It has been universally held that the Federal securities laws were not meant to totally preempt the field relating to securities regulation because there is nothing in the Federal law which indicates congressional intention to limit the power of the State to fashion additional remedies and to effectuate similar purposes under Blue Sky laws. (*Diamond v. Oreamuno* (1969), 24 N.Y.2d 494, 301 N.Y.S.2d 78; *Rousseff v. Dean Witter & Co.* (N.D. Ind. 1978), 453 F. Supp. 774; *Jennings v. Roberts Scott & Co.* (1976), 113 Ariz. 57, 546 P.2d 343; *Pan American Petroleum Corp. v. Superior Court* (1961), 366 U.S. 656, 6 L. Ed. 2d 584, 81 S. Ct. 1303.) Finally, a claim for relief for common law fraud simply does not arise under a Federal statute. *Byrnes v. Faulkner, Dawkins & Sullivan* (S.D.N.Y. 1973), 362 F. Supp. 864; *Dale Tile Manufacturing Co. v. Hyatt* (1888), 125 U.S. 46, 31 L. Ed. 683, 8 S. Ct. 756.

Therefore, since this is not a case arising under Federal law, since Congress did not intend to preempt all State action in regard to secu-

rities regulation and since section 27 preserves State jurisdiction over actions arising under the common law, the circuit court does have subject matter jurisdiction over this complaint.

For the above reasons, the decision of the trial court is reversed and remanded.

Reversed and remanded.

JOHNSON, P.J., and ROMITI, J., concur.