NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

WILLIAM WINDFORD REECE, *Deceased.*

SAMUEL REECE, *Petitioner/Appellant,*

*v.*

TIMOTHY CHU, *Respondent/Appellee.*

No. 1 CA-CV 18-0769
FILED 12-12-2019

Appeal from the Superior Court in Maricopa County
No. PB 2018-070962
The Honorable Aryeh D. Schwartz, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Samuel Reece, Wilmington, California
*Petitioner/Appellant*

Tiffany & Bosco PA, Phoenix
By Alisa J. Gray, Justin P. Nelson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1     Samuel Reece appeals from the probate court's order concerning his application for appointment as a special administrator to conduct funeral arrangements ("Application") for his uncle, William Reece. He argues the court improperly limited the scope of his appointment. Because the court granted the precise relief requested in the Application, we affirm.

## BACKGROUND

¶2     William died on April 19, 2018.  A short time later, Samuel filed the Application.  After holding a hearing where it determined that not all interested parties had been properly noticed, the probate court reset the hearing for a later date and ordered Samuel to give proper notice.

¶3     At the second hearing, held on July 13, 2018, Samuel requested for the first time that the remains of Elsie Chu-Reece, William's pre-deceased wife, be shipped to the funeral home where William's body was located so the two could be buried together at a Phoenix cemetery. Timothy Chu, Elsie's son, did not object to the request for the appointment of Samuel as special administrator for the disposal of William's remains but did oppose granting Samuel broader authority to also dispose of Elsie's remains.  The probate court granted the Application, appointing Samuel special administrator for the express and limited purpose of making funeral and disposition arrangements for William Reece.  The court, however, implicitly denied Samuel's oral motion as to the remains of Elsie and directed Samuel to provide a proposed form of order.

¶4     Contrary to the court's instruction, Samuel submitted a proposed form of order that included relief concerning Elsie's remains. Timothy again objected to Samuel's request for that broader authority.  In his response and supplemental response to Timothy's objection, Samuel challenged Timothy's standing to object, asserting that William, as Elsie's

spouse, had the exclusive right to dispose of Elsie's remains. Samuel also claimed that Timothy (and the Chu children) had been, and were presently, "committing torts against the rights and interests of [William]." On October 19, 2018, the court denied Samuel's proposed form of order, finding that it "blatantly goes beyond the narrow relief" requested in the Application and that the matter before the court involved only the remains of the decedent, William. After directing Timothy to submit a proposed form of order, the court issued an order granting the Application appointing Samuel "[s]pecial [a]dministrator for the limited purpose of authorizing [him] to make funeral and disposition arrangements for . . . [William's] body . . . ." Samuel timely appealed.

## DISCUSSION

¶5 Samuel contends that the probate court erred when it granted his Application but declined to grant him authority, outside the Application's scope, to dispose of Elsie's remains. He argues that (1) Timothy had no standing to object to the request for additional authority; (2) William (as Elsie's spouse) had the exclusive right to dispose of Elsie's remains and Samuel, as special administrator, was empowered to assert that right on William's behalf; and (3) Timothy committed various torts in cremating Elsie and refusing to ship her ashes to be buried with William. We review the court's legal conclusions de novo. *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000).

¶6 A probate court has the power to appoint a special administrator "on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration . . . ." A.R.S. § 14-3614(2). "A special administrator . . . has the power of a general personal representative except as limited in the appointment and duties as prescribed in the order. The appointment may be for a specified time, to perform particular acts[,] or on other terms as the court may direct." A.R.S. § 14-3617. We strictly construe the powers of a special administrator; his authority must flow from applicable statutes and the probate court's orders. *Duncan v. Progressive Preferred Ins. Co. ex rel. Estate of Pop*, 228 Ariz. 3, 7, ¶ 14 (App. 2011).

¶7 A court's power to render a valid judgment is limited by the nature of the proceeding and the issues raised in the pleadings: "If the court's judgment exceeds those limits it is void." *Andrews v. Andrews*, 126 Ariz. 55, 58 (App. 1980) (finding that a judgment was void where no pleading was filed that placed an affirmative claim for recovery at issue); *Tarnoff v. Jones*, 17 Ariz. App. 240, 244 (1972) ("[I]t is fundamentally unfair

to give greater or different relief in a judgment from that which . . . was given notice by the complaint."). Additionally, we generally do not review an issue that was not properly presented to the probate court. *See Pool v. Peil*, 22 Ariz. App. 417, 419 (1974). Here, as the court explained, the only thing it was considering relating to the Application was "whether to appoint [Samuel] as a special administrator for purposes of arranging a burial for [William], and that's it."

¶8 Assuming without deciding that Samuel's oral request at the hearing was an allowable motion to amend his Application, the court did not abuse its discretion in denying that request. As the probate court properly noted, it could not have granted Samuel authority as special administrator to dispose of Elsie's remains because Samuel did not comply with the statutory requirements. Section 14-3614(2) allows a probate court to appoint a special administrator only upon a finding that, after notice and a hearing, the appointment is necessary to preserve the estate or secure its proper administration. Samuel complied with these requirements with respect to William, but not Elsie. The probate court could not have granted relief beyond that authorized by applicable statute. Nor could the court have considered Samuel's assertion that Timothy was liable for committing several torts against William's estate because the only matter properly raised in this limited proceeding was whether the Application should be granted.

¶9 In sum, Samuel's Application requested that he be appointed special administrator for the limited purpose of making funeral and disposition arrangements for William, which Samuel expressly confirmed during a subsequent hearing. Under those circumstances, and pursuant to the probate statutes, *supra* ¶ 6, Samuel was not entitled to seek an order allowing disposition of Elsie's remains. Thus, the probate court did not err when it granted the exact relief Samuel requested in his Application.

## CONCLUSION

¶10        For the foregoing reasons, we affirm. In our discretion, we deny Timothy's request for attorneys' fees under A.R.S. § 12-349(A)(1), (3), which authorizes an award of attorneys' fees, expenses, and damages when a claim is brought without substantial justification or for delay or harassment. We conclude that this appeal was not so frivolous or otherwise unjustified such that sanctions under § 12-349 are justified. As the prevailing party on appeal, however, Timothy may recover taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA