643 P.2d 26

Gary L. TRIANO and Mary Triano, husband and wife, Plaintiffs/Appellants,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY OF ARIZONA, an Arizona corporation, its agents and employees; Joseph Fishman and Jennie Fishman, husband and wife; and Thelma Salonic, Defendants/Appellees.

No. 2 CA–CIV 4132.

Court of Appeals of Arizona, Division 2.

Feb. 17, 1982.

Rehearing Denied March 16, 1982.

J. Marc Montijo, Tucson, for plaintiffs/appellants.

John K. Graham, Phoenix, for defendant/appellee First American Title.

Goldbaum & Goetz, P. C. by Dean A. Sipe, Tucson, for defendants/appellees Fishman and Salonic.

## OPINION

HATHAWAY, Judge.

Appellants (plaintiffs below) seek review of a summary judgment in favor of appellees (defendants below) in a suit seeking to quiet title to certain real property in plaintiffs and for damages for breach of fiduciary duty. We agree that appellees were entitled to summary judgment and affirm.

The basis of appellants' complaint was that appellee First American Title, as trustee under a deed of trust, failed to give them proper notice as to a trustee's sale of the real property in question, thus voiding the sale to the individual appellees, purchasers at the trustee's sale. A.R.S. § 33–808 requires the trustee under a deed of trust to give written notice of the time and place of sale of the trust real property by each of four described methods. A.R.S. § 33–809(B) provides:

"Not later than thirty days after recording the notice of sale, the trustee or beneficiary shall mail by certified or registered mail with postage prepaid a copy of such notice with the recording date shown thereon, addressed as follows:

1. To each person whose name and address are set forth in a request for notice, which has been recorded prior to the recording of the notice of sale, directed to the address designated in such request.

2. To each person who, at the time of recording of the notice of sale, appears on the records of the county recorder in the county in which any part of the trust property is situated to have an interest in any of the trust property . . . ."

The undisputed facts, as supported by the documentary exhibits appended to the motion for summary judgment and the opposition thereto, are as follows: On December 14, 1979, a notice of trustee's sale of the subject property was recorded in the Pima County Recorder's office. On December 20, 1979, a warranty deed from Mrs. Brown (trustor) conveying the subject property to US Life Title Company, trustee of trust number 731, was recorded in the Pima County Recorder's office. The deed recited that the beneficiaries of trust number 731 were DeWitt C. Creiger IV and US Life Title Company of Arizona, as trustee under trust number 506. On the same day, an assignment to Gary Triano of 50 percent of the beneficial interest under deed of trust was recorded in the Pima County Recorder's office. It appears from the opposition to the motion for summary judgment that this was an assignment of the beneficial interest in a third deed of trust against the subject property.

The record also reflects that notice of the trustee's sale was in fact given to Mr. Triano and Mr. Creiger. The sale did not take place on the scheduled date but was continued because Mrs. Brown had filed a petition in bankruptcy. The trustee's sale was subsequently held on September 23, 1980, after dismissal of Mrs. Brown's petition in bankruptcy.

The clear mandate of A.R.S. § 33–809 is that notice be given to each person who at the time of the recording of the

notice of sale has an interest *of record* in the trust property or who has recorded the appropriate request for notice prior to the recording of the notice of sale. Thus, Mr. Triano was not entitled to notice under the statute. The fact that First American Title honored his request for notice of the sale was a courtesy to him and not a statutory obligation of the trustee. The mistaken recital on the title company's cover letter that Triano was entitled to notice pursuant to A.R.S. § 33–809 did not change his status.

Assuming arguendo, however, that the trustee implied that Triano had a right to notice, no further notice was required. A.R.S. § 33–810(B) provides:

"The person conducting the sale may, for any cause deemed in the interest of the beneficiary, trustor or both, postpone or continue the sale giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. *No other notice of the postponed sale is required.*" (Emphasis added)

Appellants presented nothing to the trial court, by affidavit or otherwise, that created an issue concerning whether the requisite public declaration of postponement or continuance was made. Therefore, issuance of the trustee's deed to the appellees-purchasers is conclusive evidence that the statutory requirements were satisfied. A.R.S. § 33–811(A). Since the undisputed facts demonstrate that appellees were entitled to judgment as a matter of law, summary judgment was appropriate.

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.