741 P.2d 1234

**MAIN I LIMITED PARTNERSHIP, an Arizona limited partnership, Plaintiff-Appellant,**

v.

**VENTURE CAPITAL CONSTRUCTION AND DEVELOPMENT CORPORATION, Defendant-Appellee,**

**SECURITY TITLE AGENCY, INC., an Arizona corporation, Plaintiff-Appellee,**

v.

**MAIN I LIMITED PARTNERSHIP, an Arizona limited partnership, Defendant-Appellant.**

**No. 1 CA–CIV 9271.**

Court of Appeals of Arizona, Division 1, Department B.

July 7, 1987.

Campana, Vieh & Strohm by James E. Vieh, Scottsdale, for defendant-appellee Venture Capital Const. and Development Corp.

Mariscal, Weeks, McIntyre & Friedlander by Michael S. Rubin and Donald N. McIntyre, Phoenix, for plaintiff-appellee Security Title.

Shull, Wortman & Watland by Dwight O. Watland and Mark E. Lasee, Phoenix, for plaintiffs-appellants Main I Ltd. Partnership.

## OPINION

GREER, Judge.

The main issue in this appeal is whether the trustor under a deed of trust, who received proper and timely notice of the trustee's sale, may set aside the trustee's deed to the purchaser because notice to third parties who had an interest of record in the property was provided by the trustee one day later than is specified in A.R.S. § 33–809(B).

## FACTS

Prior to March 19, 1985, Main I, Limited Partnership (Main I) was the owner of a parcel of commercial real estate in Scottsdale, Arizona. Venture Capital Construction and Development Corporation (Venture Capital) was the beneficiary under a deed of trust on the property that had been executed by Main I as security for a promissory note. Security Title Agency (Security Title) was trustee under the deed of trust.

Main I defaulted in paying the promissory note and Venture Capital instructed Security Title to conduct a trustee's sale. On December 18, 1984, Security Title caused a notice of trustee's sale to be recorded with the Maricopa County Recorder as required by A.R.S. § 33–808, setting the trustee's sale for March 19, 1985, 91 days after the recording. The trustee mailed notice to the parties to the trust deed, including Main I, the trustor, within 5 days as required by A.R.S. § 33–809(C). The trustee then mailed 8 notices to those entities appearing of record to have an interest in the property as required by A.R.S. § 33–809(B). These notices, however, were mailed on

January 18, 1985, 31 days after the recording of the notice of trustee's sale, despite the statutory requirement that the notice be mailed within 30 days. Three of these 8 entities were Main I, Main I's general partner, and Venture Capital who had received the 5–day notice and an additional timely notice on January 15, 1985. Therefore, it was only the other 5 entities, none of them parties to the deed of trust, who failed to receive notice within 30 days.

The sale proceeded at the time and on the date scheduled. Kevin Keenan, Esquire, attended the sale on behalf of Main I. Venture Capital was the only bidder, purchasing the property with its credit bid of $120,000. Security Title executed and delivered a trustee's deed to Venture Capital on March 19, 1985.

On April 2, 1985, Main I filed this suit in Maricopa County Superior Court cause C–540789 against Venture Capital claiming a right to redeem the property. Subsequently, Main I was granted leave to amend its complaint to add a claim that the trustee's sale and the trustee's deed issued as a result of the sale were void. The amended complaint added Security Title as a defendant in the suit, but Main I then chose to dismiss Security Title pursuant to Rule 41(a), Arizona Rules of Civil Procedure, without having served it. Security Title moved to intervene in the action, but withdrew the motion and filed a separate suit under Maricopa County Superior Court cause C–553657. Security Title sought declaratory relief in that action that the manner in which Security Title noticed and conducted the trustee sale was valid and in accordance with Arizona law.

Main I sought summary judgment in C–540789 on its claim that the trustee's sale had been defective. Security Title sought summary judgment in its suit for declaratory judgment in C–553657. The two cases were consolidated and the motions for summary judgment were heard together.

On April 6, 1986, the trial court denied Main I's motion for summary judgment and granted Security Title's motion for summary judgment, thereby ruling that the trustee's sale and trustee's deed were valid. Formal written judgment corresponding to this ruling was entered on August 12, 1986. The judgment contained an attorney's fees award of $13,164.28 pursuant to A.R.S. § 12–341.01 for Security Title. The judgment also contained a finding of no just cause for delay in entry of judgment and direction of immediate entry of judgment pursuant to Rule 54(b), Arizona Rules of Civil Procedure. On appeal Main I seeks reversal of the summary judgment ruling and the award of attorney's fees.

## DEFECTIVE NOTICE

Main I makes no allegation of defect in the notice provided to it as required by A.R.S. § 33–809, or in the notice provided to the public through publication, posting and recording as required by A.R.S. § 33–808. Its only claim of defect in the notice requirements is that the trustee provided notice one day late to other entities who appeared on the records of the Maricopa County Recorder's Office to have an interest in the property. Main I makes no claim that it was harmed or prejudiced in any way by the defect in the notice given to these other entities. Main I's position is that no showing of harm or prejudice is required because under Arizona law a sale held without strict compliance with the notice requirements provided in the deed of trust statutes is void. We do not agree, and conclude that no grounds exist for voiding the trustee's deed and sale.

■ Main I correctly states that strict compliance with the notice requirements of the deed of trust statutes is essential to a valid sale under Arizona law. *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *LeDesma v. Pioneer Nat'l Title Ins. Co.*, 129 Ariz. 171, 173, 629 P.2d 1007, 1009 (App. 1981). Arizona law provides that where a statute details the method of giving notice, the requirements must be strictly followed. *Yuma County v. Arizona Edison Co.*, 65 Ariz. 332, 180 P.2d 868 (1947). Any means of providing notice other than that prescribed is ineffective. *Hart v. Bayless Instr. & Trading Co.*, 86 Ariz. 379, 346 P.2d 1101 (1959).

■ The Arizona Legislature, however, has provided that under certain circumstances, the sufficiency of the notice required is not subject to attack. Arizona Revised Statute § 33–811(A) provides:

The purchaser at the sale, other than the beneficiary to the extent of this credit bid, shall immediately pay the price bid. Upon receipt of payment, in form satisfactory to the trustee, the trustee shall execute and deliver his deed to the purchaser. The trustee's deed shall raise the presumption of compliance with the requirements of this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of sale. Such deed shall constitute conclusive evidence of the meeting of such requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

The pertinent portions of this statute are those providing that a trustee's deed executed and delivered after the sale constitutes "conclusive evidence of the meeting of such notice requirements in favor of purchasers or encumbrancers for value and without actual notice," and that the "[k]nowledge of the trustee shall not be imputed to the beneficiary."

Appellees Security Title and Venture Capital argue that Venture Capital was a purchaser for value and without actual notice. The record contains an affidavit of Venture Capital's president verifying that none of the agents, employees or representatives of Venture Capital had any knowledge of any deficiency in the sale procedure utilized by Security Title.

Main I disputes that this statute prevents it from attacking the sufficiency of notice given in this case. Main I first argues that Venture Capital had actual notice that late notice had been sent to the interested parties of record because Venture Capital received one of these late notices.

We fail to see how the 31 day notice sent to Main I would give it notice that late notices had been sent to other interested parties of record. Venture Capital had already received two timely notices. A mailing sent within 5 days to the parties to the trust deed constitutes full compliance with the 30 day mailing to "persons having an interest in the property." *See LeDesma,* 129 Ariz. at 173, 629 P.2d at 1009. Thus, the notice sent on the 31st day was merely a surplus notice. We find no indication in the record that anything within the late notice sent to Main I revealed that other notices had been sent on that date.

Next Main I argues that Venture Capital does not fit within the provisions of section 33–811(A) because A.R.S. § 33–818 provides that certain documents including "notice of sale ... if acknowledged as provided by law, shall from the time of being recorded impart notice of the content to all persons, including subsequent purchasers and encumbrances for value." Apparently, Main I is arguing that the notice of sale recorded in this case reveals who received copies of the notice and when the copies were mailed.

■ We disagree. We find nothing in the record demonstrating that the notice of sale recorded in this case would have shown that copies of the notice of sale were not timely mailed to interested parties of record. Furthermore, the notice imparted pursuant to section 33–818 is "constructive notice." "Constructive notice" is the inference of knowledge of the fact in question by operation of law, as under a recording statute. *McCausland v. Davis,* 204 So.2d 334, 335 (Fla.App.1967). "Constructive notice" is neither notice nor knowledge but is a policy determination that under certain circumstances a person should be treated as if he had actual notice. *American Sec. Bank v. Read Realty, Inc.,* 1 Hawaii App. 161, 616 P.2d 237, 241 (1980). Section 33–811(A) does not provide that a purchaser or encumbrancer for value must be without "constructive notice" of defects in order to have the conclusive presumption that the sale was valid. It requires only that he be without "actual notice."

■ Next, Main I argues that section 33–811(A) applies only to third persons who have purchased the property at a trustee

sale and not to the beneficiary. It points out that in California, the recitals in the trustee's deed are conclusive only where a third person is the purchaser, but are not conclusive between the parties to the deed of trust. *See Beck v. Reinholtz*, 138 Cal. App.2d 719, 292 P.2d 906 (1956). We note, however, that the relevant California statute contains no language indicating that the protection of the statute may be claimed by the beneficiary of the deed of trust when he is the purchaser at the sale. Under that statute, the recitals in the trust deed "shall constitute prima facie evidence of compliance with such requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice." *See* Deering's California Civil Code, § 2924 (1986).

Section 33–811(A) contains the additional language that "[k]nowledge of the trustee shall not be imputed to the beneficiary." It is a well-known rule of statutory construction that statutes should be interpreted, whenever possible, so that no clause is rendered superfluous. *Union Rock & Materials Corp. v. Scottsdale Conf. Center*, 139 Ariz. 268, 270, 678 P.2d 453, 455 (App. 1983). We fail to see any purpose for the inclusion of this language in the statute unless we conclude that the legislature intended that a beneficiary of the trust deed who purchases for value and without actual notice is to have the benefit of the statute.

Finally, Main I argues that the statute does not prevent it from presenting evidence to prove that the trustee did not strictly comply with the statutory requirements. It points out that in *Triano v. First American Title Ins. Co.*, 131 Ariz. 581, 583, 643 P.2d 26, 28 (App.1982), Division Two of this court held that "issuance of the trustee's deed to the appellees-purchasers is conclusive evidence that the statutory requirements were satisfied." The court observed that in *Triano* no evidence of a notice defect had been presented. Main I argues that this language in the opinion indicates it should be entitled to present evidence of defects even though the statute says that the trustee's deed is "conclusive evidence" of lack of defects.

■ We disagree. In *Triano* no argument was made before the court that the sufficiency of notice could be challenged despite the statutory language providing that the deed constitutes conclusive evidence that requirements have been met. Any language implying this result is therefore dicta. The statute expressly states that the evidence is "conclusive." Where evidence is pronounced conclusive, its effect is to render contradictory evidence immaterial. *See* 9 J. Wigmore, *Evidence*, 2492 at 308 (1981); M. Udall & J. Livermore, *Arizona Law of Evidence* § 143 at 322 (2nd ed. 1982). We find nothing that would suggest that the legislature did not mean what it expressly stated. Therefore, where the statute states that the trustee's deed constitutes "conclusive evidence" of compliance with the requirements of the deed of trust statutes, this evidence cannot be rebutted.

When the California cases hold that recitals in a deed of trust are conclusive, they qualify that they are conclusive "in the absence of grounds for equitable relief." *See, e.g., Mack v. Golino*, 95 Cal.App.2d 731, 735, 213 P.2d 760, 762 (1950). No argument has been made by Main I that the notice was insufficient because of fraud, misrepresentation, or concealment. There was no evidence presented that Security Title acted in bad faith or breached a fiduciary duty. Equitable relief is not appropriate in this case.

For the foregoing reasons, we find that the trial court properly concluded that the sale and trustee's deed were valid.

### ATTORNEYS' FEES AT TRIAL

■ Main I argues that the trial court abused its discretion in awarding attorneys' fees to Security Title pursuant to A.R.S. § 12–341.01(A). In *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), the Arizona Supreme Court listed various factors for the trial court to consider in determining whether to award attorneys' fees pursuant to that statute. Main I appears to argue that consideration of these factors in relation to the facts of

this case mandates a determination that no attorneys' fees should have been awarded.

We disagree. The first factor listed in *Warner* for the trial court to consider was "[t]he merits of the claim or defense presented by the unsuccessful party." 143 Ariz. at 570, 694 P.2d at 1184. Another one of the factors concerns whether the successful party prevails with respect to all the relief sought. In this case Main I chose to make a highly technical argument which was found to have no merit. Security Title prevailed with respect to all the relief sought. On this record we find there was a sufficient basis to uphold the trial court's award of attorneys' fees even if there were other factors that might have supported a decision to deny attorneys' fees.

Main I also argues that *Warner* stands for the proposition that attorneys' fees should be denied when the trial court's judgment is such that it assists the successful party in future transactions it may have. We find no such proposition being stated in *Warner*. What did happen in *Warner* was that the trial court decided not to award attorneys' fees to an insurer against its insured, and the Arizona Supreme Court upheld the ruling. The court did not state that the trial court would have been compelled to award no fees in that case. It merely indicated that the trial court's ruling was supported by the record. The court emphasized that the trial court has discretion to determine whether fees should be awarded and a reviewing court will not substitute its discretion, but will uphold the trial court if there is any reasonable basis for the ruling. *Id.* at 570–571, 694 P.2d at 1184–1185. As stated previously, we find that the trial court had a reasonable basis for awarding attorneys' fees in this case.

Main I also complains that a portion of the attorneys' fees should not have been recoverable. Main I points out that $5,763.00 of the attorneys' fees claimed were incurred before Security Title filed its complaint in its declaratory judgment action.

We do not find that Main I has shown a sufficient basis for denying recovery of these fees. This court has previously held that precomplaint investigation and evaluation of a potential claim are recoverable. *First Nat'l Bank v. Continental Bank*, 138 Ariz. 194, 200, 673 P.2d 938, 944 (App. 1983). Moreover, in this case the main reason the precomplaint fees were so great was that Main I had sought to amend its complaint to include Security Title as a party several months before Security Title filed its own suit. It appears that most of the fees incurred during this period were aimed at defending against the actions Main I was taking against Security Title. We find no reason to deny Security Title recovery of the fees it incurred in protecting its interests with regard to the suit brought by Main I.

### ATTORNEYS' FEES ON APPEAL

Appellee Security Title seeks attorneys' fees on appeal pursuant to A.R.S. § 12–341.01(A), which we grant in an amount to be determined after Security Title submits its affidavit in compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

The decision of the trial court is affirmed.

JACOBSON, P.J., Department B, and HAIRE, J., concur.