801 P.2d 438

**TEN Z'S INC., an Arizona corporation; Heritage Park Homeowner's Association, a nonprofit Arizona corporation, Plaintiffs/Appellants,**

v.

**Christopher R. PERRY and Jane Doe Perry, husband and wife; Mark Kartchner and Marian Kartchner, husband and wife; Jane Does I–V; ABC Corporations I–V; XYZ Partnerships I–V, Defendants/Appellees.**

No. 2 CA–CV 89–0222.

Court of Appeals of Arizona, Division 2, Department A.

April 3, 1990.

Reconsideration Denied May 16, 1990.

Review Denied Dec. 4, 1990.

204

Russo, Cox & Russo, P.C. by Karl MacOmber and Jerold Cartin, Tucson, for plaintiffs/appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott D. Gibson, Tucson, for defendants/appellees Mark and Marian Kartchner.

OPINION

HATHAWAY, Judge.

The sole issue to be decided in this appeal from summary judgment in a quiet title action is the adequacy of the legal description of real property in a notice of trustee's sale.

Appellant Ten Z's, Inc. was the trustor on a deed of trust encumbering a real estate development near Benson. Ten Z's defaulted on the promissory note and the beneficiary instructed appellee Christopher Perry to conduct a trustee's sale. Appellee Mark Kartchner purchased the property at the sale and received a trustee's deed.

Appellants filed a multi-count action seeking damages and to quiet title claiming that the trustee's sale did not include the subject property because the legal description in the notice of trustee's sale was inadequate. The description was: "Book 11, Pages 86 and 86A, Records of Cochise County, Arizona, as amended by Declaration of Scrivener's Error recorded January 24, 1985, in Docket 1828 at Page 296." We affirm.

The notice was issued in September 1986, at which time A.R.S. § 33–808(C) provided:

The notice of sale shall contain the street address if any, or identifiable location as well as the legal description of the trust property. Failure to accurately describe within any such notice either the street address or the identifiable location of the trust property to be sold shall not be grounds for invalidating any such sale if the correct legal description of the trust property to be sold was contained in the notice of sale.

The proper method for describing trust property is set forth in A.R.S. § 33–802. Among other methods, the property may be described "[b]y the use of lot, block, tract or parcel as set forth within a recorded subdivision plat" or "[b]y the use of the governmental rectangular survey system with specific identification within any section or sections, tract or tracts, of a township and range."

The crucial question to be answered is whether a member of the public who saw the notice in question would be able, without difficulty, to determine what property was being noticed for sale. If a potential purchaser went to Book 11, Page 86, one would find a notation by the Cochise County Recorder that the instrument was recorded at the request of the Town of Benson at Book 11 at Pages 86–86A. Page 86 also contains the surveyor's notes which provide the size of the property surveyed, the number of lots the property is divided into and the base line of the survey. There is also on the page a dedication by the owners, one of whom is the president of Ten Z's, Inc., granting a blanket easement in the common elements to the City of Benson and all utility companies for the installation and maintenance of utilities. The dedication also transfers title to all streets to a homeowner's association. On page 86 is a location plan showing on a map the location of the property surveyed indicating it is in Section 4, Township 17 South, Range 26 East. Finally, there is a title on the page stating "Heritage Park, Lots 1 through 89 and Common Areas being a resubdivision of parcel 30 of Ocotillo Grande Ranches."

Turning to page 86A, one finds a map of parcel 30, the majority of which is subdivided into 89 lots and adjacent common areas. The map contains three unsubdivided areas which are all marked "Excluded Parcel."

It is clear that the recording of page 86A was for the subdivided property.

When pages 86 and 86A are considered together, it is clear that the property covered by those pages was that which had been surveyed and subdivided and no other. It is an "identifiable location" as required by A.R.S. § 33–808(C). Moreover, the two pages referred to in the Notice of Trustee's Sale contain a legal description which meets the requirements of A.R.S. § 33–802.

We note that the description of the property in the Notice of Trustee Sale is the same as that used when individual lots were released from the trust, and when the prior trustor, the president of Ten Z's, Inc., conveyed the property to the corporation. The only difference is that in those deeds of conveyance, the name of the development, Heritage Park, was included. When the present trustee was substituted for the original trustee, the same description of the property was used in the Notice of Substitution.

In addition, the trustee executed and recorded a "Partial Cancellation of Notice of Trustee Sale" which cancelled the trustee sale as to four lots within the subdivision which had been sold by the trustor to individual buyers. The notice stated in part:

> The undersigned hereby cancels the Notice of Sale ... on real property legally described as:

> Lots 6, 15, 17 & 21 (ONLY) of HERITAGE PARK, according to Book 11, pages 86 and 86A, records of Cochise County, Arizona, as amended by Declaration of Scrivener's Error recorded January 24, 1985, in Docket 1828 at page 296.

> The remaining property set forth in the above referenced Notice of Trustee's Sale are still scheduled to be sold as indicated on said Notice.

This supports the conclusion that the only property which the Notice of Trustee Sale could possibly pertain to is the subdivision platted on pages 86 and 86A.

The description in the Notice of Trustee's Sale met the statutory requirements. The sale was valid and appellee Mark Kartchner properly holds title to the property.

Affirmed.

ROLL, P.J., concurs.

HOWARD, Judge, dissenting.

A.R.S. § 33–808(C) states what must be in a notice of sale. Its language is plain and unambiguous. The notice must contain either the street address or an identifiable location. 416 West Congress is a street address. The state office building located on the northwest corner of the intersection of Congress and Granada Avenue in Tucson, Arizona is an identifiable location. The statute has a savings clause in case there is a mistake in the street address or the identifiable location. If there is included in the notice a correct legal description, all is saved.

Book 11, Pages 86 and 86A, records of Cochise County, Arizona is not a street address. It is not an identifiable location. It is not a *correct* legal description. No lot, block, tract or parcel is set forth. Strict compliance with notice requirements is essential to a valid sale under a deed of trust. *Patton v. First Federal Savings & Loan Ass'n. of Phoenix,* 118 Ariz. 473, 578 P.2d 152 (1978); *Main I Ltd. Partnership v. Venture Capital Construction and Development Corp.,* 154 Ariz. 256, 741 P.2d 1234 (App.1987); *LeDesma v. Pioneer National Title Ins. Co.,* 129 Ariz. 171, 629 P.2d 1007 (App.1981). The sale must be invalidated.