828 P.2d 1216

**SECURITY SAVINGS AND LOAN AS-SOCIATION, an Arizona corporation, Plaintiff/Appellee,**

v.

**Corinne H. MILTON, Defendant/Appellant.**

**No. 2 CA–CV 91–0026.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 17, 1991.

As Corrected Sept. 24, 1991.

Review Denied May 5, 1992.*

---

* Feldman, C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Scott D. Gibson and Drue A. Morgan–Birch, Tucson, for plaintiff/appellee.

William L. Berlat, Ltd. by Malcolm K. Ryder, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an appeal from a jury verdict in an action to recover the balance after a sale of property under a trust deed pursuant to A.R.S. § 33–814. The jury awarded the beneficiary of the trust, Security Savings and Loan Association (Security) judgment against Lee Brownell Milton Family Trust, Corinne H. Milton and the Estate of Lee Brownell Milton, guarantors of the indebtedness owed to Security, in the sum of $42,069.73 plus interest, costs and attorney's fees in the sum of $14,958.50.

The trustee's sale which formed the basis for the deficiency judgment took place on September 28, 1989. Security, the only bid-

der at the sale, purchased the property and received a trustee's deed.

Security brought this action for the balance within the time prescribed by A.R.S. § 33–814. Prior to the trial, the defendants moved for summary judgment contending, among other things, that the trustee's sale was improperly continued. Specifically, they contended that they were misled as to the place where the sale was originally to take place and misled as to the date and location of the several continuances of the sale. This motion was denied by the judge to whom it was assigned, who is not the judge who presided at the trial. However, the subject of the improper notice came up again on the day of the trial and the trial judge ruled that there was no defect in the notice of sale. Defendants made an offer of proof which the trial court rejected.

Appellant Corinne Milton first contends that the trial court erred in finding the sale to have been properly noticed and continued. We conclude that this issue is irrelevant in view of A.R.S. § 33–811(A) which states:

... The trustee's deed shall raise the presumption of compliance with the requirements of this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. Such deed shall constitute conclusive evidence of the meeting of such requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.[1]

There being no evidence that Security had actual notice of any alleged defect in the notice of sale and its continuances, the above statute precludes an examination into the merits of the notice issue.

Appellant next argues that attorney's fees are not recoverable in an action brought under A.R.S. § 33–814 and, even if

---

1. See also *Triano v. First American Title Insurance,* 131 Ariz. 581, 643 P.2d 26 (App.1982) and *Main I Limited Partnership v. Venture Capital* *Construction and Development Corporation,* 154 Ariz. 256, 741 P.2d 1234 (App.1987).

they are, the amount awarded by the trial court was unreasonable.

The guarantee of payment which appellant signed obligated her to pay Security's attorney's fees incurred in enforcing the guarantee. She also assumed and agreed to pay the promissory note secured by the deed of trust. Both the note and the deed of trust also gave Security the right to collect attorney's fees from appellant. Relying on the maxim "expressio unius est exclusio alterius," appellant argues that because A.R.S. § 33–814(A) states that a deficiency judgment "shall include" interest, cost and disbursements of the action, but does not state that it shall include attorney's fees, such fees are not recoverable. We do not agree. As applied to statutory interpretation, this maxim means that including one or more items of a specific class in a statute indicates an intent to exclude all items from the same class which are not expressed. *Pima County v. Heinfeld,* 134 Ariz. 133, 654 P.2d 281 (1982). However, when the word "include," ordinarily a term of enlargement, not of limitation, is used as it is in A.R.S. § 33–814, it is generally improper to apply the maxim and conclude that items not specifically enumerated are excluded. See *Schwab v. Ariyoshi,* 58 Haw. 25, 564 P.2d 135 (1977); 2 A.C. Sands, "Sutherland Statutory Construction" § 47.23 at 194 (4th ed. 1984).

Appellant argues the amount awarded by the trial court was unreasonable because the trial only lasted two days and only five witnesses were called, and because she offered to settle the case for $30,000 the week prior to trial and the jury only awarded Security a little over one-half of the claimed deficiency. We do not agree. The motion for attorney's fees with the supporting affidavit would justify the court in awarding approximately $3,000 more than it did. Furthermore, although the trial only lasted two days, the bulk of the attorney's fees was incurred in responding to appellant's various motions made prior to trial. Additionally, Security let it be known to appellant that no settle-ment would be considered by its board of directors without a financial statement from her. Appellant consistently refused to provide Security with information regarding her ability to pay the amount of any settlement.

Appellee has asked for and is entitled to its attorney's fees on appeal which will be awarded upon its compliance with Ariz. R.Civ.App.P. 21(c), 17B A.R.S.

Affirmed.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.