838 P.2d 1363

**BAM INVESTMENTS, INC., and Charles A. Coury, Plaintiffs/Appellees,**

v.

**David ROBERTS, Defendant/Appellant.**

No. 2 CA–CV 92–0075.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 24, 1992.

Fioramonti & Greenberg, P.A. by Jeffrey H. Greenberg, Tucson, for plaintiffs/appellees.

Rosen & Friederich by Dennis A. Rosen and Gayle D. Reay, Tucson, for defendant/appellant.

OPINION

(Corrected)

HATHAWAY, Judge.

Appeal is taken from the trial court's order in a forcible entry and detainer action allowing appellees to take possession of real property purchased at a trustee's sale. We affirm the trial court.

This case arises from a dispute concerning real property located at 3221 N. Placita Brazos in Tucson (the property). In February 1981, Darlene Lynch, owner of the property, obtained from First Federal Savings and Loan (FFSL) a consumer loan secured by a deed of trust on the property, naming FFSL as beneficiary. Lynch later conveyed the property to David Roberts (appellant). Merabank meanwhile acquired FFSL's beneficial interest in the deed of trust. Subsequently, the Resolution Trust Corporation (RTC) placed Merabank in receivership.

When the consumer loan secured by the deed of trust went into default, a trustee's sale of the property was noticed for June 15, 1990. On that date, appellant filed a petition for protection from creditors under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, et seq. His petition invoked the automatic stay provision of 11 U.S.C. § 362 with regard to the noticed trustee's sale. After several postponements of the sale, the RTC applied to the bankruptcy court for abandonment of the property. The property then had a value of $92,000 and was encumbered by approximately $360,000 in liens, including the RTC's lien for approximately $31,000 resulting from the Lynch loan and deed of trust. After the court-ordered abandonment and pursuant to the last-noticed postponement, the property was sold at a trustee's sale on August 2, 1991, to Charles A. Coury (appellee) for $32,731.04. Appellee Coury later conveyed a one-half interest in the property to BAM Investments, Inc. (BAM), the other appellee.

Appellees then demanded that appellant deliver possession of the property. When he refused to do so, appellees brought a forcible entry and detainer action against

him on September 13, 1991. Appellant challenged the validity of the trustee's sale, and the action was tried to the court on stipulated facts and exhibits. The trial court determined that the trustee's sale and trustee's deed were legal and valid, and ordered appellant to surrender possession of the property to appellees. Appellant appeals from this judgment.

Appellant contends that the trustee's sale was void because A.R.S. § 33–801 et seq. require a trustee to re-notice a sale after an automatic stay in bankruptcy has been lifted. This issue is a question of law, which we review de novo. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966).

A.R.S. §§ 33–808 and 33–809 require the trustee under a deed of trust to give notice to the trustor and to other persons having an interest of record in the real property of the date, time and location when the property will be sold. A.R.S. § 33–810 further provides that if the sale cannot take place as stated in the original notice, the person conducting the sale may continue it to another time and place by giving notice of the new time, date and location. Under 11 U.S.C. § 362, an automatic stay of all actions by creditors, including all acts relating to the creation, perfection or enforcement of any lien against the property of the bankrupt estate, becomes effective immediately upon a debtor's filing of a bankruptcy petition.

Appellant would have us construe the automatic stay provision to preclude continuing notices of postponement of trustee's sales as provided for by A.R.S. § 33–810. However, we do not agree with appellant's reading of the federal statute. We find that the Ninth Circuit's holding in *Matter of Roach*, 660 F.2d 1316 (9th Cir. 1981), provides persuasive precedent for our position. The *Roach* court considered the same issue arising from a set of facts similar to those before us. The debtor in *Roach* defaulted on a loan secured by real property. The lender noticed the sale of the security and the debtor filed bankruptcy on the day of the sale, thus invoking the automatic stay provision. The lender then

noticed the postponement of sale as required by statute and repeated such postponements until the automatic stay was lifted.

The sale was held on the last date noticed prior to the lifting of the stay. In considering the validity of the sale, the Ninth Circuit held that the automatic stay does not bar continuing postponements of sale indicating new dates. The court reasoned that such postponements "merely maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay." 660 F.2d at 1318. We adopt this holding, and affirm the trial court's decision that the notice of trustee's sale was valid under the relevant statutes and did not violate the automatic stay provision.

■ Appellant also contends that the trustee's sale and trustee's deed are void because the sale was postponed without the authority of the bankruptcy trustee. It is evident from the appellate briefs that this is a disputed issue of fact. Moreover, the record shows that this issue was never raised in the trial court. We will not rule on an issue that was not raised in pleadings or arguments before the trial court. *Jennings v. Roberts Scott & Co., Inc.,* 113 Ariz. 57, 546 P.2d 343 (1976). Therefore, we consider this issue to be waived on appeal and do not address it.

■ We further note that appellees are correct in arguing that even if the appellant were able to prove the alleged deficiencies in the trustee's sale, these would not invalidate appellees' claim to the property. A.R.S. § 33-811(A) provides in relevant part that:

> The trustee's deed shall raise the presumption of compliance with the requirements of this chapter relating to the exercise of the power of sale and the sale of the trust property including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. Such deed shall constitute conclusive evidence of the meeting of such requirements in favor of purchasers of encumbrances for value and without actual notice.

This court has upheld the application of this statute according to its plain meaning to protect buyers in appellees' position. See *Security Savings and Loan Ass'n v. Milton,* 171 Ariz. 75, 828 P.2d 1216 (App. 1991); *Main I Ltd. v. Venture Capital Const.,* 154 Ariz. 256, 741 P.2d 1234 (App. 1987). The record here shows that appellees' status as good faith purchasers for value and without notice of any deficiencies related to the trustee's sale is not disputed.

We decline appellees' request for an award of sanctions against appellant in the form of damages and attorneys' fees under Ariz.R.Civ.App.P. 25, 17B A.R.S. or under A.R.S. §§ 12-341.01(C) or 12-349(A)(1), (2) and (3).

Affirmed.

FERNANDEZ and DRUKE, JJ., concur.