NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSR Mortgage
Loan Trust 2006-1F, its successors and/or assigns, *Plaintiff/Appellee*,

*v.*

MICHAEL NEMINSKY; ARLENE NEMINSKY, *Defendants/Appellants*.

No. 1 CA-CV 16-0084
FILED 12-6-2016

Appeal from the Superior Court in Maricopa County
No. CV2015-012069
The Honorable Michael L. Barth, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Aldridge/Pite LLP, Phoenix and San Diego, CA
By Laurel I. Handley and Janet M. Spears
*Counsel for Plaintiff/Appellant*

Michael and Arlene Neminsky, Scottsdale
*Defendants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in
which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1 Appellants Michael and Arlene Neminsky appeal the superior court judgment in favor of U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-1F ("U.S. Bank"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 U.S. Bank purchased the Neminskys' home (the "Property") at a trustee's sale on June 17, 2015. It then served a written demand on the Neminskys to deliver possession of the Property. The Neminskys refused, and U.S. Bank filed a forcible entry and detainer action ("FED" action) pursuant to Arizona Revised Statutes ("A.R.S.") section 12-1173.01 seeking immediate possession of the Property.

¶3 The Neminskys filed an answer to U.S. Bank's complaint and requested a hearing. In response, U.S. Bank filed a motion for judgment on the pleadings. *See* Ariz. R. Civ. P. 12(c); RPEA 9(d) (party in an FED action may file a motion for judgment on the pleadings after the answer is filed). After a hearing,[1] the superior court granted the motion, found the Neminskys guilty of forcible detainer, and held that U.S. Bank was entitled to immediate possession of the Property. The Neminskys appeal.

## DISCUSSION

¶4 The Neminskys argue the superior court erred in granting judgment on the pleadings. Specifically, they contend their answer raised factual questions about whether U.S. Bank was the proper party to initiate the FED action.

¶5 A motion for judgment on the pleadings should be granted if the "allegations set forth a claim for relief and the answer fails to assert a legally sufficient defense." *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376 (1958). All well-pled material allegations of the non-moving party are taken as true, and all allegations of the moving party which have been denied are taken as false. *Jamison v. S. States Life Ins. Co.*, 3 Ariz. App. 131, 133 (1966) (citation omitted); *Food for Health Co., Inc. v. 3839 Joint Venture*, 129 Ariz. 103, 106 (App. 1981). Because the superior court granted

---

[1] Although the superior court's judgment makes reference to a trial, both the judgment and the minute entry for the hearing show there was no trial – only oral argument regarding U.S. Bank's motion for judgment on the pleadings.

U.S. Bank's motion for judgment on the pleadings, we view the facts in favor of the Neminskys, but review the superior court's legal conclusions de novo. *See Napier v. Bertram*, 191 Ariz. 238, 239, ¶ 1 (1998); *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8 (App. 2013), *as amended* (Mar. 29, 2013) (citation omitted).

**¶6**  Here, U.S. Bank alleged it held valid title to the Property and, as a result, the right to possess the Property. In support of this allegation, U.S. Bank attached a copy of the trustee's deed showing (1) it purchased the Property at the trustee's sale, and (2) it was the grantee under the deed of trust issued by the trustee. Pursuant to A.R.S. § 33–811(B), the trustee's deed created a "'presumption of compliance' and 'conclusive evidence' that" the foreclosure sale "was conducted regularly in accordance with the required statutory notice." *In re Hills,* 299 B.R. 581, 586 (Bankr. D. Ariz. 2002) (citing *Triano v. First Am. Title Ins. Co.,* 131 Ariz. 581, 583 (App.1982)); *accord Main I Ltd. P'ship v. Venture Capital Constr. & Dev. Corp.,* 154 Ariz. 256, 260 (App. 1987). Based on this evidentiary presumption, the trustee's deed established that U.S. Bank held good title to the Property. *In re Hills*, 299 B.R. at 586; *BAM Invs., Inc. v. Roberts,* 172 Ariz. 602, 604 (App. 1992).

**¶7**  In their answer, the Neminskys do not deny that U.S. Bank purchased the Property at the trustee's sale, or that the trustee's deed established it held title to the Property. Rather, the Neminskys allege that Nationstar Mortgage LLC ("Nationstar"), not U.S. Bank, was the "real party in interest."

**¶8**  The Neminskys' allegation that Nationstar is the real party in interest is not well pled. The forcible detainer action was filed in the name of U.S. Bank, and U.S. Bank is listed as the grantee on the trustee's deed. All of the allegations in the complaint list U.S. Bank as the party having title to the Property and the right of possession, and the superior court's judgment was issued in favor of U.S. Bank. Indeed, all motions and documents submitted by the plaintiff are in the name of U.S. Bank. In short, apart from speculating about whether Nationstar is the "true" plaintiff in this litigation, all of the rights, title, and judgment in this case are in favor of U.S. Bank, not Nationstar. *Cf. Cullen v. Auto-Owners Ins. Co.,* 218 Ariz. 417, 420, ¶ 14 (2008) (in ruling on a Rule 12(b)(6) motion to dismiss, a court is not required "to speculate about hypothetical facts that might entitle" a party to relief.).

**¶9**  The only allegations the Neminskys offer in support of their claim is a corporate disclosure statement attached to their answer. *See* Ariz. R. Civ. P. 10(c) ("A copy of a written instrument which is an exhibit to a

pleading is a part thereof for all purposes."). However, we are only left to guess what relevance this statement, which was filed by Nationstar in an unrelated federal case, bears to this case. The disclosure statement merely shows that Nationstar and U.S. Bank were co-defendants in another case; it does not show that Nationstar is the real party in interest in this case. Accordingly, we find no error.

¶10 The Neminskys also argue that U.S. Bank lacks the capacity to initiate a lawsuit in Arizona because it is not registered with the Arizona Corporation Commission. In support of their argument the Neminskys rely on A.R.S. § 10-1502, which states that "[a] foreign corporation transacting business in this state without a grant of authority shall not be permitted to maintain a proceeding in any court in this state until it is authorized to transact business."

¶11 The Neminskys, however, ignore the fact that isolated acts of purchasing property, recording a deed, and filing a FED action do not amount to "transacting business" under A.R.S. § 10-1502. *See* A.R.S. § 10-1501(B) ("[t]he following activities . . . do not constitute transacting business . . . 1. [m]aintaining, defending or settling any proceeding . . . 10. [c]onducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature"); *see also Norman v. Del Elia*, 111 Ariz. 480, 483 (1975) (citation omitted) (holding that to transact business in the state "a corporation must be engaged in an enterprise of some permanence and durability, and must transact within the state some substantial part of its ordinary business, and not merely a single act."). Thus, based on the plain language of A.R.S. § 10-1501, U.S. Bank did not lack the capacity to initiate and maintain its FED action against the Neminskys.

## CONCLUSION

**¶12** For the above reasons, we affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA