NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

US BANK NATIONAL ASSOCIATION,
*Plaintiff/Appellee,*

*v.*

MARK ROSE,
*Defendant/Appellant.*

No. 1 CA-CV 17-0739
FILED 8-23-2018

Appeal from the Superior Court in Maricopa County
No.  CV2017-011842
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Mark Rose, Glendale
*Defendant/Appellant*

Zieve, Brodnax & Steele, LLP, Phoenix
By Eric L. Cook
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**T H U M M A**, Chief Judge:

¶1        Defendant Mark Rose appeals from a judgment in favor of plaintiff U.S. Bank National Association, as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2005-EFC7 (U.S. Bank) entered after a trial in this forcible entry and detainer (FED) action. Because Rose has shown no reversible error, the judgment is affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        U.S. Bank purchased the real property relevant here (a residence in Glendale) at a trustee's sale in July 2017. When Rose did not vacate the property after being given written notice to do so, U.S. Bank filed this FED action in September 2017. The complaint attached a copy of the recorded trustee's deed conveying the property to U.S. Bank. After Rose filed an answer, including affirmative defenses, the superior court held a bench trial where Rose testified. After considering the evidence and argument, the court found Rose guilty of forcible detainer and entered a final judgment in favor of U.S. Bank. *See* Ariz. R. Civ. P. 54(c)(2018).[2] This court has jurisdiction over Rose's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

### DISCUSSION

¶3        Rose argues U.S. Bank was not the real party in interest because it did not have "the power of sale under a deed of trust." Because

---

[1] This court views the facts in a light most favorable to sustaining the judgment. *See Sw. Soil Remediation v. City of Tucson*, 201 Ariz. 438, 440 ¶ 2 (App. 2001).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Rose did not raise this argument before the superior court, it is waived on appeal. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) (arguments raised for the first time on appeal are untimely and are generally waived). Rose claims the evidence shows that "the actual complainants posing as Plaintiffs are" a limited liability company listed as a mailing address in the trustee's deed and that another entity "ostensibly manufactured the power of sale on behalf of" that limited liability company. Rose also apparently claims that the lender did not strictly comply with the deed of trust statutes. Rose, however, did not provide a transcript from the trial, and this court assumes that transcript would support the judgment. *See Johnson v. Elson*, 192 Ariz. 486, 489 ¶ 11 (App. 1998). Moreover, Rose's brief on appeal does not cite record evidence supporting his factual allegations as is required to preserve such arguments. *See* Ariz. R. Civ. App. P. 13(a); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009) (noting such failure "can constitute abandonment and waiver of [a] claim").

**¶4**        Even absent waiver, Rose has shown no reversible error. Although, in substance, Rose seeks to dispute title to the real property, title issues are not resolved in an FED action. Instead, the only issue to be determined is the right of possession. *See, e.g.*, A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, *the only issue* shall be the right of actual possession and the merits of title shall not be inquired into.") (emphasis added).

**¶5**        The trustee's deed lists U.S. Bank as the owner of the property. Rose failed to provide any evidence that he lacked notice of the trustee's sale or that he obtained injunctive relief before the trustee's sale. *See* A.R.S. § 33-811(C) ("all persons to whom the trustee mails a notice of a sale under a trust deed . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief"). Nor does the record presented on appeal provide evidence rebutting U.S. Bank's claim to possession. On this record, the superior court properly could conclude that U.S. Bank has the superior right of possession over Rose. *See* A.R.S. §§ 12-1173.01(A)(2), 33-811(B); *see also Triano v. First Am. Title Ins. Co. of Ariz.*, 131 Ariz. 581, 583 (App. 1982) (noting "issuance of the trustee's deed . . . is conclusive evidence that the statutory requirements were satisfied").

**CONCLUSION**

**¶6**      Because Rose has shown no reversible error, the judgment is affirmed. U.S. Bank requests an award of attorneys' fees and costs incurred on appeal, citing A.R.S. §§ 12–341.01 and 12-349. *See also* A.R.S. § 12-1178(A). In the exercise of the court's discretion, U.S. Bank is awarded an amount of reasonable attorneys' fees and its taxable costs incurred on appeal, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA