NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TRINITY FINANCIAL SERVICES LLC,
*Plaintiff/Appellee*,

v.

JASON MERCIER,
*Defendant/Appellant*.

No. 1 CA-CV 20-0691
FILED 10-14-2021

Appeal from the Superior Court in Maricopa County
No.  CV2020-010730
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

McCarthy & Holthus, LLP, San Diego, CA
By Melissa Robbins Coutts
*Counsel for Plaintiff/Appellee*

Quinn Law, PLLC, Phoenix
By Ian D. Quinn
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1　　　　Jason Mercier appeals from a judgment finding him guilty of forcible detainer of a residential property. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　In November 2019, Trinity Financial Services ("Trinity") purchased Mercier's residence at a trustee sale. Trinity provided Mercier notice to vacate the property. When Mercier did not leave, Trinity filed this forcible detainer action.

¶3　　　　Mercier answered the complaint and denied the allegation. Mercier asserted the trustee's deed upon sale was void under Arizona law based on defective service. Specifically, Mercier alleged the trustee used an incorrect address for the property.

¶4　　　　At the initial hearing on September 17, 2020, Mercier pleaded not guilty to the charge of forcible detainer, and the court set trial for September 24. The court continued trial several times. On November 5, the court continued trial to November 20. At trial on November 20, Trinity submitted a certified copy of the trustee's deed upon sale and testimony from the trustee as evidence that it purchased the property. Mercier has not provided a transcript from the trial, but asserts he testified at trial that "he had no actual notice of the trustee's sale." The superior court rejected Mercier's arguments, found Mercier guilty of forcible detainer, and entered judgment in favor of Trinity. Mercier appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5　　　　Mercier raises two arguments on appeal: (1) the superior court abused its discretion when it continued trial on November 5; and (2) insufficient evidence supports the superior court's judgment because the trustee's sale suffered deliberate notice defects.

2

## I.   The Continuance.

**¶6**      Mercier claims the superior court abused its discretion when it continued the November 5 trial because: (1) it issued the continuance over Mercier's objection; and (2) it continued the trial solely because Trinity was not prepared to proceed.

**¶7**      We review the superior court's decision to continue the trial for abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

**¶8**      Mercier correctly notes that the superior court granted a 14-day continuance and Rule of Procedure for Eviction Action 11(c) states "[n]o continuance of more than . . . ten days in superior courts may be ordered unless both parties are in agreement."  However, Mercier fails to cite any evidence in the record to support his claim that he objected to the November 5 continuance. *See* ARCAP 13(a)(7) (requiring opening briefs to contain "supporting reasons for each contention . . . and appropriate references to the portions of the record on which the appellant relies").  Similarly, Mercier fails to provide any record evidence to support his claim that the superior court issued the continuance for the sole reason that Trinity was unprepared to proceed to trial.

**¶9**      "An appellant is responsible for making certain that the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal. When a party fails to do so, we assume the missing portions of the record would support the trial court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16 (citation omitted).  Here, Mercier failed to provide the transcripts and documents necessary for us to consider his claims.  Therefore, we assume the record supports the superior court's decision to issue the continuance. *See id.*  Accordingly, Mercier has shown no abuse of discretion.

## II.   The Judgment.

**¶10**      Mercier claims the notice of trustee's sale had an incorrect address for the property and he never received notice of the trustee's sale until after the trustee issued the trustee's deed upon sale.  Mercier contends this constitutes deliberate notice failure, which should preclude finding him guilty of forcible detainer.

¶11 When reviewing a verdict, we review the evidence in a light most favorable to sustaining the trial court's judgment. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009). "We will not set aside the [trial] court's findings of fact unless clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of witnesses." *Id.* (quoting *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000)).

¶12 Again, Mercier does not point to any record evidence to support his claims. Mercier neither provides evidence that the notice of trustee's sale used the wrong address nor identifies the purported error in the address. To the contrary, the copy of the notice of trustee's sale in the record lists the same address noted on the trustee's deed upon sale and used by Mercier in his opening brief to identify the property. The available evidence contravenes Mercier's claim.

¶13 Even if the notice of trustee's sale listed the incorrect property address, Mercier's argument addresses the merits of title, and is beyond the scope of a forcible detainer action. "On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A); *see also Curtis v. Morris*, 186 Ariz. 534, 535 (1996) (noting that litigating title "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy"). Therefore, Mercier's argument is not within the scope of a forcible detainer action.

¶14 Finally, Mercier argues that *In re Hills*, 299 B.R. 581 (Bankr. D. Ariz. 2002), and *Main I Ltd. P'ship v. Venture Capital Constr. Dev. Corp.*, 154 Ariz. 256 (App. 1987), establish that "(1) a party defending an eviction action following a trustee's sale can raise 'deliberate notice defects' from the trustee's sale as a defense to the eviction action and (2) should a *prima facie* case be made to establish those defects an eviction judgment should not be issued." We reject these arguments because neither case applies here.

¶15 *Main I* and *In re Hills* provide for equitable relief from foreclosure sales in the event of "serious sale defects, including deliberate notice failure, fraud, misrepresentation, or concealment." *In re Hills*, 299 B.R. at 586; *Main I*, 154 Ariz. at 260. Even if those cases provide a basis for challenging a trustee's sale, neither involves a forcible detainer action after a trustee's sale has been completed. Because both cases address the merits of title, they fall outside the scope of a forcible detainer action. *See supra* ¶ 13. Moreover, *Main I* and *In re Hills* support the superior court's ruling. The plaintiff in *Main I* claimed the trustee provided the notice of trustee's sale one day later than required by statute, and therefore the sale and deed

were void. *Main I*, 154 Ariz. at 258. Citing A.R.S. § 33-811(A), *Main I* concluded a trustee's deed constitutes "'conclusive evidence' of compliance with the requirements of the deed of trust statute . . . ." *Id.* at 259, 260.

**¶16** *In re Hills* reached a similar result, saying "a Trustee's Deed creates a 'presumption of compliance' and 'conclusive evidence' that the sale was conducted regularly in accordance with the required statutory notice provisions." 299 B.R. at 585-86 (citing A.R.S. § 33-811(B)). Here, through the trustee's deed, Trinity introduced "conclusive evidence" the trustee complied with all statutory requirements—including notice requirements—in conducting the sale. *Main I*, 154 Ariz. at 260; *see also Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 457, ¶¶ 11-13 (App. 2017) (concluding that challenged trustee deed, and accompanying testimony, established superior right to possession). Mercier points to no evidence rebutting this presumption of compliance.

**¶17** For the foregoing reasons, sufficient evidence supported the superior court's judgment.

## CONCLUSION

**¶18** We affirm the superior court.



AMY M. WOOD • Clerk of the Court
FILED: AA

5